**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**


**INSTRUCTIONS FOR CASES ASSIGNED TO**
**THE HONORABLE STEVE C. JONES**


This matter has been assigned to the Honorable Steve C. Jones. The purpose of this order is to inform the parties and their counsel of the Court's policies, practice, and procedure. *Pro se* litigants shall also govern themselves in accordance with these instructions. This order, in combination with the Northern District's Local Rules and the Federal Rules of Procedure, shall govern this case. Any previous instructional order is hereby superseded.

## **Table of Contents**

I.    General Matters ............................................................................................ 3

II.   Case Administration .................................................................................... 3

   A.   Contacting chambers ........................................................................ 3

   B.   Courtesy copies ................................................................................ 3

   C.   Admission of counsel *pro hac vice* .................................................. 4

   D.   Withdrawal or substitution of counsel ......................................... 4

   E.   *Pro se* litigants ................................................................................... 4

III.  Case Management ........................................................................................ 5

   A.   Motions for temporary restraining order or preliminary injunction .......... 5

   B.   Extensions of time ............................................................................ 5

   C.   Page limit extensions ....................................................................... 5

   D.   Objections to Magistrate Reports and Recommendations ............ 5

   E.   Discovery disputes and objections to discovery ......................... 6

   F.   Motions to seal .................................................................................. 6

   G.   Electronic filing of exhibits and attachments .............................. 7

   H.   Brief titles ......................................................................................... 8

   I.   Motions for summary judgment ...................................................... 8

   J.   Requests for oral argument on motions ......................................... 8

   K.   Proposed orders ................................................................................ 9

IV.   Trial Matters ................................................................................................ 9

   A.   Motions in limine ............................................................................. 9

   B.   Pretrial conference ........................................................................... 9

   C.   Presentation of evidence ................................................................. 9

   D.   Exhibits ............................................................................................ 10

   E.   Jury trials ........................................................................................ 10

      a.   Voir dire ...................................................................................... 10

      b.   Exhibits ....................................................................................... 11

      c.   Requests to charge ..................................................................... 11

   F.   Specific Instructions for Criminal Cases .................................... 12

Revised August 3, 2022

## I.     GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure. These rules are available at http://www.uscourts.gov/rules-policies/current-rules-practiceprocedure.

2. The local rules of this District Court and Instructions Regarding Pretrial Proceedings. The local rules of this Court are available for downloading at http://www.gand.uscourts.gov/local-rules. Various forms and the Court's pretrial instruction package are available at http://www.gand.uscourts.gov/rules-standing-orders-forms.

3. The rules and practices of the district judge, and magistrate judge if appropriate, assigned to your case, including this standing order.

## II.    CASE ADMINISTRATION

### A.     <u>Contacting chambers</u>

Courtroom Deputy Clerk Pamela Wright is your principal point of contact on matters relating to this case. **<u>Neither the parties, nor their counsel, should discuss the merits of the case with Ms. Wright or any of the Court's law clerks.</u>** Ms. Wright's contact information is as follows:

> Ms. Pamela Wright
> Courtroom Deputy Clerk
> 1967 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303-3309
>
> pamela_wright@gand.uscourts.gov
> 404-215-1284

### B.     <u>Courtesy copies</u>

Except for emergency motions filed pursuant to Local Rule 7.2(B), the delivery of a hard copy of a document, in addition to the electronically filed copy, is not necessary, as the Court prefers to rely on its electronic access to court filings.

Revised August 3, 2022

The Court may, however, request courtesy copies of motions with voluminous exhibits.

Courtesy copies of such motions should be hand-delivered to chambers in Room 1967 on the 19th floor of the Richard B. Russell Federal Building or submitted via regular mail to the attention of the Courtroom Deputy Clerk at the above-provided address. The courtesy copies provided shall be stamped filed with the CM/ECF (Case Management/Electronic Case Filing) header.

### C.    Admission of counsel *pro hac vice*

In the event that lead counsel has been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

All counsel, including counsel admitted *pro hac vice*, must register with and participate in the Court's electronic filing system, CM/ECF. NDGa Standing Order 04-01.

### D.    Withdrawal or substitution of counsel

It is counsel's responsibility to keep the Court informed of any change of status. Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel. Attorneys who fail to comply with this Local Rule will not be permitted to withdraw from the case until compliance is achieved.

### E.    *Pro se* litigants

Parties proceeding *pro se* (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants also may utilize the Eleventh Circuit's law library located in the Elbert P. Tuttle U.S. Court of Appeals Building at 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

Revised August 3, 2022

### III.   CASE MANAGEMENT

### A.   <u>Motions for temporary restraining order or preliminary injunction</u>

Any request for a temporary restraining order ("TRO") or for preliminary injunctive relief must be made by a **separate motion**. A request for a TRO or preliminary injunction found only in the complaint will not be considered. After filing an appropriate motion, the movant must contact Ms. Wright to request expedited consideration.

Any motion for TRO or preliminary injunction which requests injunctive or equitable relief should be accompanied by a proposed order.

### B.   <u>Extensions of time</u>

Motions for extension, whether joint, unopposed, or designated as consent, will not be granted as a matter of course. The Court expects parties seeking an extension to submit motions as early as possible and to avoid last-minute requests for extensions.

Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought. Parties should indicate whether opposing counsel consents to the extension. A proposed order should also be provided.

### C.   <u>Page limit extensions</u>

Parties seeking an extension of the page limit must do so at least **five (5) days** in advance of their filing deadline and should explain with specificity the reasons necessitating the extension. If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating the Rule.

### D.   <u>Objections to Magistrate Reports and Recommendations</u>

Absent prior permission of the Court, objections to magistrate report and recommendations and opposing party responses are limited in length to **twenty-**

**five (25)** pages. Said objections and responses shall also comply with the formatting requirements of Local Rule 5.1, NDGa.

### E.   Discovery disputes and objections to discovery

Prior to filing a motion to compel discovery and only after conferring with opposing counsel in a good faith effort to resolve the discovery dispute by agreement, an attorney (or *pro se* litigant) must contact Ms. Wright and notify her that there is a discovery dispute. Ms. Wright will then schedule a conference call or videoconference in which the Court will attempt to resolve the matter, without the necessity of a formal motion. This conference call or videoconference will be taken down by a duly appointed court reporter. The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

A party shall not include in its response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some general discovery rule, e.g., the attorney-client privilege, the work product doctrine, or the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with specific objections which apply to each request. Any general objections shall be disregarded by the Court.

### F.   Motions to seal

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as "CONFIDENTIAL,"[1] said party, after notification to the opposing party, may file a motion to seal in accordance with the Court's Procedures for Electronic Filing Documents Under Seal, located in Section II(J) of Appendix H to the Local Rules of the Northern District of Georgia.[2] After entry on

---

[1] As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal.  Instead, the Court will seal (or allow parties to file in a redacted format) only very specific portions of documents that contain or refer to confidential information.

[2] The Procedures for Electronic Filing Documents Under Seal only apply to attorneys. All *pro se* parties must manually file a motion to seal at the Clerk's Office. The material

Revised August 3, 2022

the docket, the Court will review the material in camera and decide whether to grant or deny the motion to seal.

### G.   Electronic filing of exhibits and attachments

Parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling. For example, documents should be uploaded with file names such as "Ex. A: Smith Deposition," "Ex. B: Employment Contract," and "Ex. C: Jones Letter," rather than letter or number identifiers only.

Individual exhibits should be uploaded as **separate attachments** with file names labeled accordingly. Parties should not upload voluminous attachments that contain multiple exhibits. For example, a motion for summary judgment should not be accompanied by one large attachment that contains all exhibits being proffered in support of that motion. Instead, a party should upload the motion as the main document, with the brief, statement of material facts, and supporting exhibits all attached separately and labeled with files names as directed above.[3] Should a party's attachments prove too difficult to navigate, the Court may require the party to refile the motion, brief, and corresponding attachments.

When a party proffers deposition testimony in support of or in opposition to a motion, the party shall submit **excerpts** of the specific pages referenced and any surrounding pages necessary to provide context for cited passages in a **text-searchable** PDF format.[4] The party should not attach to the brief a copy of the entire deposition transcript unless the entire transcript is less than thirty (30) pages. **All excerpts from one person's deposition shall be submitted as one attachment**. The entire deposition transcript is to be filed separately under a notice of filing original deposition transcript.

---

[3] subject to the seal request should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

[3] Further, while the Court does not require parties to include a table of contents, identifying exhibit pages, or exhibit stamps on documents, the Court advises parties that such additions likely will assist the Court in reviewing submitted materials.

[4] The Court advises parties that scanned copies of documents are unlikely to conform with this requirement.

Revised August 3, 2022

### H.    Brief titles

Briefs should be titled on CM/ECF as follows: The initial brief of a movant should be titled "Brief in Support of [state the motion]." The brief of the responding party should be titled "[name of respondent]'s Response in Opposition to [state the motion]." The reply of the moving party should be titled "Reply in Support of [state the motion]." Though surreplies should not be filed in the normal course, if the Court authorizes a surreply, it should be titled "[name of party filing the surreply]'s Surreply to [name of motion]."

### I.    Motions for summary judgment

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. The party shall include in the brief, immediately following the evidentiary reference, a citation indicating the **paragraph, page, and/or transcript line numbers** (if applicable) where the referenced evidence can be found. If a party fails to cite to specific paragraphs, pages, and/or line numbers, the Court may require it to refile its motion, brief, and exhibits.

In addition to following the form instructions set out in Local Rule 56.1(B), NDGa, a party responding to a statement of material facts shall **copy** into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. Each party shall file these documents in a **text-searchable** PDF format.[5] Statements of material fact that do not conform with these instructions will be returned to counsel for revision.

### J.    Requests for oral argument on motions

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider requests for hearing. If oral argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.

---

[5] See supra n.4.

Revised August 3, 2022

### K.  Proposed orders

The filing party shall include a proposed order granting the motion for all consent, unopposed, or joint motions.

## IV.  TRIAL MATTERS[6]

### A.  Motions in limine

Motions in limine shall be filed with the Clerk no later than **fourteen (14) calendar days** before trial. Responses to motions in limine shall be filed with the Clerk no later than **seven (7) calendar days** before trial.

### B.  Pretrial conference

The Court will conduct a pretrial conference in all cases (civil and criminal) noticed for trial. For *civil* cases, only the attorneys (and not the parties) are required to appear. For *criminal* cases, the Defendant is required to appear. *Pro se* litigants are also required to appear at pretrial conferences and govern themselves in accordance with these instructions.

The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions in limine.

At the pretrial conference (civil cases), counsel (or *the pro se* litigant) will be required to identify the specific witnesses that will be called in the case-in-chief.

The Court may require counsel (or the *pro se* litigant) to bring trial exhibits to the pretrial conference in order to determine objections to said exhibits.

### C.  Presentation of evidence

Attorneys and *pro se* litigants shall request permission to approach prior to approaching a witness or the bench.

---

[6] At the time a case is noticed for trial or at the request of a party or counsel, the Court will issue a trial outline/overview, which will provide additional procedural information.

Revised August 3, 2022

### D.   <u>Exhibits</u>

Counsel (or the *pro se* litigant) shall separately and sequentially number each of their exhibits. Exhibits shall not be labeled or grouped as categories, for example, "hospital records" or "photographs."

### E.   <u>Jury trials</u>

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day. It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

    a.   Voir dire

Proposed voir dire questions shall be filed with the Clerk no later than **seven (7) calendar days** before the date of trial, if not previously filed as a part of the pretrial order. The Court will review the submissions and notify the parties of the approved questions at or prior to the pretrial conference.

During voir dire, the Court will ask certain qualifying questions and request the jurors to verbally respond to a printed juror questionnaire (containing general questions regarding their residence, occupation, education, prior jury service, and spouse, if applicable). The Court will then permit the attorneys to ask approved voir dire questions for a period of twenty (20) minutes per side, per panel of potential jurors.

All challenges for cause will be heard at the close of the questioning of all jurors.

There will be a fifteen (15) minute break at the conclusion of juror questioning in order to allow the attorneys time to review their notes prior to striking the jury.

In all criminal cases, twelve jurors will be selected, along with two alternates who will not deliberate unless replacing another juror. If the attorneys desire additional alternates, they shall notify the Court at the beginning of trial. The Court will entertain arguments to this regard.

Revised August 3, 2022

In all civil cases, eight jurors will be selected to deliberate for cases expected to last one week or less. The Court will empanel additional jurors for cases expected to last more than one week. The number of jurors to empanel will be determined after receiving input from the parties. No alternates will be empaneled for civil cases.

> b.     Exhibits

Arrangements with the Courtroom Deputy Clerk for the use of demonstrative exhibits or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with Local Rule 16.4, NDGa. The parties should confer with the Courtroom Deputy Clerk prior to the start of trial to determine how the Court will receive a copy of the exhibits for use by the Judge on the bench during proceedings. Ordinarily, the Court requests notebooks of exhibits to be provided on the first day of trial.

> c.     Requests to charge

Requests to charge shall be filed with the Clerk of Court no later than **seven (7) calendar days** before the date of trial. An **editable**, electronic version of the proposed charges (in Microsoft Word) shall be emailed to Ms. Wright on the same day that the proposed charge is filed with the Clerk.

These proposed jury charges shall be a **single, unified set** of proposed jury instructions. The parties should first list all requested charges that are agreed upon. After the agreed-upon instructions, the parties should list their requested instructions to which opposing counsel objects. The parties should indicate (1) who is proposing the instruction, (2) the legal basis for the instruction, and (3) the basis for the other party's opposition to the instruction.

Counsel must use the latest edition of the Eleventh Circuit's Pattern Jury Instructions, if applicable. If there is no appropriate Eleventh Circuit charge, counsel should use instructions from the latest edition of O'Malley's Federal Jury Practice and Instructions. If state law applies, counsel shall present the appropriate pattern instruction from the applicable state. Counsel should be sure to include all substantive law issues and should not assume that the Court has its own charge on the substantive law.

Revised August 3, 2022

F. **Specific Instructions for Criminal Cases**

All sentencing memoranda shall be filed at least **forty-eight (48) hours** prior to the scheduled sentencing date.

**IT IS SO ORDERED** this_____3rd_____day of August, 2022.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

12

Revised August 3, 2022